# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Executive Marine Service, LLC

### DEFENDANTS
Genesis Ventures, LLC

**(b)** County of Residence of First Listed Plaintiff: Galveston
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Nueces
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Branca
Andrew D. Florence
1415 Louisiana Street, Suite 4200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [x] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Admiralty & Maritime

Brief description of cause:
Breach of Contract, Unjust Enrichment, and Quantum Meruit

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** >229,853.09

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/02/2025

SIGNATURE OF ATTORNEY OF RECORD: */s/ Andrew D. Florence/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **EXECUTIVE MARINE SERVICE, LLC** § | | |
| *Plaintiff,* § | | |
| § | C.A. No. 3:25-cv-393 | |
| v. § | | |
| § | IN ADMIRALTY, RULE 9(h) | |
| **GENESIS VENTURES, LLC** § | | |
| *Defendant.* § | | |

## ORIGINAL COMPLAINT

COMES NOW, Plaintiff Executive Marine Service, LLC ("Executive Marine"), and files this, its Original Complaint, and will respectfully show the Court as follows:

## BACKGROUND

1. Executive Marine and Defendant Genesis Ventures, LLC ("Genesis Ventures") entered into a charter party agreement under which Executive Marine provided a vessel and vessel services to Genesis Ventures in exchange for the promise of payment(s) for the services from Genesis Ventures. Despite duly invoicing Genesis Ventures for the services and several demands for payment, Genesis Ventures has not paid Executive Marine for the services and is currently indebted to Executive Marine in the amount of at least $229,853.09, exclusive of interest, costs, disbursements, and attorney's fees. This lawsuit seeks to recover the aforementioned sums due Executive Marine from Genesis Ventures.

## THE PARTIES

2. At all material times, Executive Marine was a limited liability company organized and existing under the laws of the State of Texas that maintained an address at 1725 Crown Court, Texas City, Texas 77591.

3. At all material times, Genesis Ventures was a limited liability company organized and existing under the laws of the State of Wyoming that maintained a place of business at 1919

Highway 35 North, PMB No. 637, Rockport, Texas 78382.

## JURISDICTION AND VENUE

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 because it involves a claim for breach of a maritime contract, *i.e.*, a charter party agreement. Accordingly, this Court has jurisdiction over the subject matter of Executive Marine's claims.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred within this Judicial District.

## FACTS

6. Executive Marine owns and operates several vessels that it charters from time-to-time to various charterers in exchange for remuneration.

7. On or about December 9, 2024, Executive Marine and Genesis Ventures entered into a time charter party agreement under which Executive Marine, as Owner, chartered the *M/V Valkyrie* (the "Vessel") to Genesis Ventures, as Charterer, in exchange for the payment of $5,500.00 for each day, *inter alia* (the "Time Charter"). The Time Charter is evidenced as well as governed by a Master Time Charter Agreement dated December 9, 2024, *inter alia*, a copy of which is attached hereto as "Exhibit A" and fully incorporated herein by reference.

8. In connection with the Time Charter, Executive Marine issued the following invoices to Genesis Ventures (the "Invoices"), which, despite due demand, remain unpaid:

| Charter Date(s) | Invoice No. | Delinquent Balance | Due Date |
|---|---|---|---|
| 01/16/2025 – 01/19/2025 | 1818 | $13,497.00 | 02/28/2025 |
| 02/16/2025 – 02/28/2025 | 1842 | $52,791.00 | 04/24/2025 |
| 03/01/2025 – 03/15/2025 | 1843 | $61,500.00 | 04/24/2025 |
| 03/16/2025 – 04/11/2025 | 1850 | $102,065.09 | 05/23/2025 |
| | **TOTAL** | | **$229,853.09** |

A copy of the Invoices are attached hereto as "Exhibit B" and fully incorporated herein by reference.

## FIRST CAUSE OF ACTION—BREACH OF CONTRACT

9. Executive Marine repeats and realleges each and every allegation contained in Paragraphs 1 through 8 of this Original Complaint as if fully set forth herein.

10. Executive Marine and Genesis Ventures entered into a contract, *i.e.*, the Time Charter, under which Executive Marine provided, and Genesis Ventures agreed to pay for, the use of the Vessel as well as certain charter services at an agreed upon daily rate.

11. Executive Marine fully performed its obligations under the Time Charter.

12. Genesis Ventures breached the Time Charter by failing to timely tender payment to Executive Marine in the amount of $229,853.09.

13. As a result of Genesis Ventures' breach, Executive Marine has suffered damages in the amount of at least $229,853.09, exclusive of interest, costs, disbursements, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION—UNJUST ENRICHMENT

14. Executive Marine repeats and realleges each and every allegation contained in Paragraphs 1 through 13 of this Original Complaint as if fully set forth herein.

15. Executive Marine provided services to Genesis Ventures based upon its promise to pay for the same.

16. Genesis Ventures accepted the services and received the benefit of the services provided for by Executive Marine.

17. Genesis Ventures has not paid Executive Marine for the services provided.

18. Accordingly, Genesis Ventures has been unjustly enriched at the expense and

detriment of Executive Marine and should be required to pay Executive Marine the reasonable value of the amounts of services for which Genesis Ventures was unjustly enriched together with interest, costs, disbursements, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION—QUANTUM MERUIT

19. Executive Marine repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Original Complaint as if fully set forth herein.

20. Executive Marine provided valuable services to Geneses Ventures, namely the use of the Vessel and the provision of related services, based upon Genesis Ventures' promise to pay for the same.

21. Genesis Ventures accepted and received the benefit of these services provided by Executive Marine to Gensis Ventures.

22. Genesis Ventures had actual knowledge of Executive Marine's expectation to receive payment from Genesis Ventures for the performance of such services.

23. Nevertheless, Genesis Ventures failed to pay and continues to refuse to pay Executive Marine for the valuable services provided to and accepted by Genesis Ventures.

24. Accordingly, Executive Marine has suffered damages and Genesis Ventures should be required to pay Executive Marine the reasonable value of the services that it provided to Genesis Ventures, together with interest, costs, disbursements, and reasonable attorney's fees.

### ATTORNEY'S FEES

25. Executive Marine repeats and realleges each and every allegation contained in Paragraphs 1 through 24 of this Original Complaint as if fully set forth herein.

26. Due to Genesis Ventures' failure to pay sums due and owing to Executive Marine, and its breach of its contract with Executive Marine, Executive Marine is entitled to recover

reasonable and necessary attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.* Executive Marine timely presented its claim at least 30 days before trial to Genesis Ventures. Genesis Ventures did not tender the amount owed within thirty (30) days of the date of the claim presented.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Executive Marine Service, LLC, respectfully requests: (a) a monetary judgment against Genesis Ventures, LLC in an amount to be determined at trial, but in no case less than US $229,853.09 exclusive of interest, costs, disbursements, and reasonable attorney's fees; and (b) such other and further relief as the Court may deem just, proper and equitable under the premises herein.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: */s/ Richard A. Branca*
    Richard A. Branca
    Fed. No. 828076
    Texas State Bar No. 24067177
    1415 Louisiana Street, Suite 4200
    Houston, Texas 77002
    Telephone: (713) 224-8380
    Facsimile: (713) 225-9945
    richard.branca@roystonlaw.com

-and-

Andrew D. Florence
Fed. No. 3928372
State Bar No. 24142900
Fountainhead Tower
8200 I.H. 10 West, Suite 504
San Antonio, Texas 78230
Telephone: 210.524.9696
Facsimile: 210.524.9811
andrew.florence@roystonlaw.com
**ATTORNEYS FOR PLAINTIFF**
**EXECUTIVE MARINE SERVICE, LLC**